## Richmond

### Douglas W. Aydlette, et al.

### v.

### City of Virginia Beach, et al.

January 22, 1982.

Record No. 790944.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Larry B. Slipow* for appellants.
*Richard H. Matthews, Assistant City Attorney (J. Dale Bimson, City Attorney,* on brief), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

By a bill in equity filed in the court below, Douglas W. Aydlette and 61 other members of the Virginia Beach Police Department (the complainants) sought a determination that they had been promoted, rather than laterally transferred, when they became detectives and, therefore, that they were entitled to the increased compensation attendant upon a promotion. Ruling that the complainants had been transferred and not promoted, the trial court entered final judgment in favor of the City of Virginia Beach and certain named officials (the defendants).

The period for which the complainants sought increased compensation extended from July 1, 1973, to April 1, 1978. The record shows that the complainants were employed prior to April 1, 1978, and that they were assigned originally as uniformed patrolmen. Subsequently, they were interviewed, tested, and selected for duty as detectives.

Before 1969, the change in status from uniformed patrolman to detective was considered a promotion, carrying a one-step, or 5%, pay increase. In that year, a new chief assumed command of the police department. He was "concerned about the policy of the

detective position being a promotion" because he "would not be able to transfer" from detective duty those officers found unsuitable. He conferred with the city director of personnel, and, as a result, the change from uniformed patrolman to detective was designated a "lateral transfer." However, at the written direction of the city manager, the one-step pay increase was continued.

By Ordinance 460, effective July 1, 1973, the City adopted a new pay schedule and rules and regulations for its administration. Under the new plan, a promotion carried a two-step, or 10%, increase in salary. The move from patrolman to detective, however, continued to be a lateral transfer carrying only a one-step increase in pay.

The two-step ordinance was in effect until April 1, 1978. On that date, an amendment became effective whereby "the position of Detective was redesignated as a promotion without any increase in income or benefits."

On May 23, 1978, the complainants instituted the present proceeding. Their bill of complaint sought additional compensation based upon the two-step ordinance while it was in effect. In pertinent part, that ordinance provided:

> (b) *Promotions* - When an employee is promoted to a position in a higher class, his salary shall be increased to the minimum rate for the class or two steps above his present salary whichever is higher provided a two step increase shall not exceed the maximum regular step for the class.
>
> There shall be no immediate change in the salary rate of an employee who is transferred unless his salary is below the approved minimum of the new position. If an employee is transferred to a position in a class having a higher salary range than the class from which he was transferred, such change shall be deemed a promotion and the provisions governing promotions shall apply.

The complainants contend that their assignment as detectives at an increased rate of compensation constituted a transfer "to a position in a class having a higher salary range than the class from which [they were] transferred." Thus, the complainants argue, their change in status should be deemed a promotion and they should be allowed the two-step pay increase mandated by Ordinance 460.

■ As the defendants point out, however, the complainants would have compensation determine class, rather than class determine compensation. Under Ordinance 460, an employee did not move from one class of employment to another merely because his or her pay may have increased. Instead, the two-step increase provided by the ordinance was allowable only when an employee moved from one class to another.

■ The determinative question, therefore, is whether the change from uniformed patrolman to detective constituted a change in class within the meaning of paragraph (b) of Ordinance 460. Unfortunately, paragraph (b) neither defined the term "class" nor established classes of employment within the police department.

For a definition of the term "class," the complainants cite an amendment to § 2-33 of the Virginia Beach City Code, adopted August 28, 1978. The complainants admit that the definition was not "in effect while Ordinance 460 was effective." They submit, however, that the definition gives "insight into City Council's intended meaning" of the disputed term. The definition reads:

> Class: A grouping of jobs having similar duties and responsibilities, requiring similar knowledges, skills, and abilities and demanding similar qualifications so that they may be appropriately titled, described and compensated the same.

The complainants contend that this definition renders their position "unassailable." They say the evidence adduced below showed that the jobs of patrolman and detective reflect "different duties and responsibilities, different skills and abilities, and different qualifications." The evidence showed further, the complainants maintain, that detectives share similar duties, responsibilities, skills, abilities, and qualifications. Thus, the complainants conclude, they are entitled to be considered a separate class and to be compensated at the increased rate contemplated by Ordinance 460.

For purposes of this discussion, we shall accept § 2-33's definition of the term "class." It does not follow, however, that we must agree with the complainants' conclusion that they are in a separate class and entitled to increased compensation.

As noted above, paragraph (b) of Ordinance 460 did not establish classes of employment within the police department; it only

mandated an increase in pay upon a change from a lower to a higher class. Neither did the amendment to § 2-33 establish classes of employment; it merely provided a guide for determining whether a change in class had occurred.

Under the ordinance provisions in dispute, whether the assignment of a patrolman to detective duty constituted a change from a lower to a higher class, or merely a lateral transfer, was left to administrative determination. Necessarily, therefore, those charged with administering police personnel matters were clothed with discretion in deciding whether a particular change in duty involved a change in class. In the absence of fraud or palpable error, a decision resulting from the exercise of this administrative discretion will not be disturbed.

The complainants make no charge of fraud in the administrative decision denying them additional compensation, and, at best, their claim of palpable error is ambivalent. They say on the one hand that Ordinance 460 embodied a "mandatory instruction" that was disobeyed and on the other that the administrators' decision exceeded the intended scope of their "implied authority."

In any event, the record discloses no palpable error. While the change in status from patrolman to detective may involve different duties, responsibilities, skills, abilities, and qualifications, whether the differences are substantial enough to constitute a change in class cannot be stated as a conclusive proposition. Accordingly, we hold that the trial court did not err in its judgment permitting the administrative decision to stand, and we will affirm the judgment.

*Affirmed.*