# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Frank LaPorta

v.

City of Virginia Beach

**August 8, 1985**

**Case No. (Chancery) 5488**

## By JUDGE H. CALVIN SPAIN

This matter came on to be heard in the Circuit Court of the City of Virginia Beach on May 16, 1985, upon the plaintiff's Suit for Declaratory Judgment and Relief. The essence of the pleadings was that the plaintiff was being unfairly, arbitrarily and capriciously mistreated disparately and/or discriminately by the defendant by the application of § 2-109(f) of the Code of the City of Virginia Beach, and by certain rules and regulations of the City of Virginia. Beach affecting differential pay for services rendered and allowances for certain laundering of police uniforms.

After a protracted trial in this matter, arguments of counsel and extensive briefs provided by each counsel, the Court has reviewed all of the evidence and case citations. The foregoing have 'been considered in light of the plaintiff's request for equitable relief in order to invalidate in whole or part at least one city ordinance and various rules, regulations and/or policies as being discriminatory against the plaintiff in violating his rights for equal protection and treatment pursuant to state and federal laws.

After mature consideration of the issues involved and evidence presented, the Court concludes that judgment

should be entered in favor of the defendant for the reasons hereinafter set forth.

The basic question presented to the Court is whether the complaints set forth by the plaintiff rise to the level of constitutional question. This opinion is set forth in the form of three questions that address the complaints and the issues raised.

*I. Is Section 2-109(f) of the Code of the City of Virginia Beach unconstitutional on its face and/or as it is applicable to the plaintiff and others similarly situated?*

Section 2-109(f) of the Code of the City of Virginia Beach states the following:

> Pay differential. A pay differential shall be authorized whenever an employee compensated in a classification which is not designated by the director of personnel to require shift work is regularly assigned to work a shift which commences on or between the hours of 3:00 p.m. to 3:00 a.m. Such employee shall receive the equivalent of a two (2) regular pay step differential in addition to their normal salary rate for all hours worked during such time period only. Employees assigned to regularly scheduled rotating shift work shall be ineligible under the provisions of this subsection.

The plaintiff alleges that the City discriminates against him and others in his position, i.e. police officers in general, as opposed to the treatment given other city employees. (Specific uneven treatment of the plaintiff is largely shown in the rules applied to uniform allowances insofar as other city employees are concerned.) In general, the plaintiff complains that the pay differential, as a concept, is unconstitutional, for it fosters uneven treatment among other city employees and the police department.

Mrs. Millette, Personnel Director, testified that she had designated the police department, among others, as a class of city employees that regularly required rotating shift work. The effect of that designation was to deny the police department (and certain other depart-

ments) of a pay differential where night work is involved. Mrs. Millette and her assistant, Mr. Cherry, both testified that consideration was given to the fact that regular rotating shift work was required in the police officers job description in determining the pay scales that would ultimately set the compensation paid to specific police officers. Once a pay classification had been determined, then a 5% differential was added to that scale to provide a built-in compensation for the shift work. While supporting documentation of pay scale determinations, as presented by the city, may not have been as erudite as it might have been, there is, nevertheless, not a scintilla of evidence offered by the plaintiff that such calculations were not in fact used by the city in determining the pay scales of the employees of the police department of the City of Virginia Beach.

In passing, much to-do was made over the fact that the director of personnel had not made a *written* determination that the police department was one of the classes of employees that required rotating shift work. There is no requirement in the ordinance that such determination be made *in writing* or that any specific forms of notice must be given to anyone. The lack of such written designation does not, in and of itself, constitute fraud, discrimination, or palpable error that would, in and of itself, raise the plaintiff's complaints to a constitutional level. Since there is silence in the ordinance, the procedures employed by the personnel director are purely administrative and within her discretion. It is not a matter that shows such deficiency that the court should blatantly interfere with the administrative process.

Testimony from the representatives of the personnel department and the Chief of Police, Mr. Wall, indicate that the job description of a police officer is such that regular rotating shift work is required. That fact was not disputed by the plaintiff. The plaintiff contends, nevertheless, that policemen who work any night work should be paid the pay differential.

The Court finds that the plaintiff's contentions are without merit. The determination of classifications for which pay differentials may be granted, is not, in and of itself, discriminatory in principle nor on the face of the ordinance. The question of the differentia-

tion is whether the differentiation into classes is based upon reasonable and rational considerations.

In *National Linen Service* v. *Norfolk*, 196 Va. 277, the Supreme Court dealt with a similar problem as to the validity of a municipal ordinance. As a general concept, the Court held that municipal corporations are prima facie the sole judges of their ordinances and the ordinances are presumed to be valid, necessary and reasonable unless they are unreasonable on the face of the particular ordinance or extrinsic evidence clearly establishes the unreasonableness. If the ordinances deal reasonably with all persons in similar circumstances, then they are deemed to be constitutional. The Court does not find any unreasonableness on the face of the ordinance which is the subject of this litigation, nor has any extrinsic evidence been presented to show its unreasonableness.

Plaintiff has complained that there are no definitions as to specific terminology associated with the ordinance. It is true that none are provided in the code, but, then, none is required by the ordinance. The mere lack of definitions is not sufficient to give rise of the plaintiff's complaints to constitutional level. Words are to be given their ordinary common sense meaning in interpreting and applying an ordinance. "In the absence of fraud or palpable error, a decision resulting from the exercise of this administrative discretion will not be disturbed." *Aydlett* v. *City of Virginia Beach*, 223 Va. 9.

Plaintiff showed by credible evidence that certain police department employees were being paid erroneously the pay differential contrary to § 2-109(f). Once those administrative errors were brought to the attention of the city, they were immediately corrected. That includes those discovered in the course of the trial of this case. But, the mistakes about which the plaintiff complains are elements of administrative discretion in which a court will not ordinarily intervene. They are subject to review through an established administrative process. Only when *an abuse of that process* has been shown and clear error proved, will the court then further review and intervene with a final determination. It is only logical, practical and sensible that a Court should not inject itself into the administrative operations of a police department. Chief Wall, and for that matter any

police chief, must have the authority to administratively operate his department within the ordinances provided by City Council pursuant to the City Charter.

Uneven effects upon particular groups within a class (i.e. the Police Department) do not constitute a constitutional question unless it can be clearly shown that the defendant intended to discriminate against the plaintiff. Even if one considers the ordinance in question to be unfair, the proper remedies are: (1) legislative to change the law and (2) administrative to correct errors in its application and interpretation. This concept was clearly set forth in *Personnel Administrator of Massachusetts, et al.* v. *Feeney*, 442 U.S. 254, 99 S.Ct. 2282, 68 L.Ed.2d 870. The Court set forth therein that the 14th Amendment "cannot be made a refuge from ill-advised laws."

The holding of this Court is clearly supported by the Supreme Court of Virginia in the case of *Gomes* v. *City of Richmond*, 220 Va. 449. In that case an ordinance involving a pay differential concept was attacked as unconstitutional. Definitions of various terminology existed in that particular ordinance. The complaints were both as to the concept of the pay differential class and the apparent gross misapplication of the principles of the ordinance. Despite all of the confusion and misapplication of the ordinance, the Supreme Court could not find any discrimination or unreasonableness in principle that would raise the issues involved to that of a constitutional level. Again, the proper remedy was legislative and/or administrative.

*II. Does the City of Virginia Beach discriminate against the plaintiff and others similarly situated by failing to provide free laundry service and/or a maintenance allowance for uniforms supplied by the city?*

The plaintiff has complained with respect to certain city policies as being discriminatory among similarly situated city employees with respect to clothing allowances and laundering costs.

The testimony revealed that the city has two different policies in general and the police department has a further and third policy. Essentially, wherever uniforms are required in city work, the city adopts one of two policies. Either the city rents the uniforms or it purchases them. Where the uniforms are rented, cleaning

and/or laundering costs are included in the rental contract and provided free to the city employee. Where uniforms are purchased, no cleaning and/or laundering is provided to the city employee. Police uniforms are purchased. This is done as a result of a decision by the chief of the police department in order to assure the quality of the uniforms that is desired for the department. This Court cannot find the distinctions made with respect to the rental and/or purchase of uniforms and the necessarily underlying questions of free versus non-free cleaning and laundering costs to be unreasonable and without rational bases. Consequently, the complaints of which the plaintiff complained are found to be without merit and certainly do not rise to a constitutional level.

*III. Does the City of Virginia Beach discriminate against the plaintiff and others similarly situated by failing to provide a clothing allowance?*

The plaintiff further has complained that within the police department that plainclothes officers (the detective department) are provided a monthly allowance for clothes in lieu of purchased uniforms. The plaintiff states that due to his particular assignments and the classifications of those assignments that he is required to wear civilian clothes for extended periods of time and is not granted a clothing allowance by the police department. While this may be unfair and a legitimate complaint in that apparently no policy exists, it is not a matter in which the court should inject itself. It is an administrative matter which should be left to the administrative process to be resolved through appropriate review as provided by law. The matter does not rise to a constitutional level.

Accordingly, the Court finds for the defendant and denies the plaintiff's plea for equitable relief.